# 62011. CAMACHO et al. v. FIRST SOUTH HOMEOWNERS COMPANY, INC.

POPE, Judge.

Appellants filed an action seeking to have a loan secured by a secondary security deed declared invalid claiming it violated Code Ann. § 57-201 et seq., the Georgia law regulating such loans. Appellants alleged that the inclusion in the promissory note of a clause allowing attorney fees in case of default violated the provisions of that statute. The trial court rejected this argument and granted summary judgment in favor of the lender. Appellants bring this appeal from that order.

Code Ann. § 57-202 allows lenders to charge a 10% "rate of charge" in lieu of any separate charge for any type of compensation, consideration, or expense, or for any other purpose whatsoever arising in respect of the loan. Appellants argue the provision in the promissory note stating, "In case of default, the undersigned agree to pay all costs of collection, including 15% attorney fees," creates a charge which would be included among the types of charges which make up the "rate of charge"; therefore, the "rate of charge" assessed against the borrowers in the present case exceeds the 10% maximum and violates the aforementioned statute.

Promissory notes authorizing attorney fees when the note is collected by and through an attorney are valid and enforceable and collectible. Code Ann. § 20-506. There is nothing in the law which prohibits the inclusion of a clause authorizing such attorney fees in a loan secured by a secondary security deed. The term "rate of charge" as defined by Code Ann. § 57-202 deals with expenses incurred by a lender for the purpose of initiating these types of loans. Title searches, title reports, title opinions, title guarantees, credit reports, case investigations, preparation of instruments, placement of discount fees, brokerage fees, recordings, appraisals, and insurance are expenses specifically listed in the statute and are all expenses contemplated in making a loan. We determine that these specific expense items included in the "rate of charge" do not have any relationship to default and collection costs incurred by lenders.

Accordingly, we hold the provision of Code Ann. § 57-202 which limits the amount charged by a lender in providing and servicing loans secured by a secondary security deed does not in any way limit or disallow a contractual obligation to pay attorney fees to a lender in the event an attorney is required for the purposes of collecting the debt.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 10, 1981 —
REHEARING DENIED NOVEMBER 25, 1981 —

*Ralph Goldberg,* for appellants.
*Douglas Campbell,* for appellee.
*Elizabeth Coleman-Stroup, W. Rhett Tanner, William B. B. Smith,* amicus curiae.